IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                 RESPONDENT

vs.                                         Criminal No. 5:20-cr-50044

GARY BOYD                                                                                            MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Movant Gary Boyd ("Boyd")'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 392. After he filed his *pro se* Motion, Boyd was appointed counsel, who filed a Supplemental Motion to Vacate Pursuant to 28 U.S.C. § 2255 on March 17, 2023. ECF No. 399. (Collectively the Motion and Supplemental Motion will be referred to as the "Motion"). On May 16, 2023, the Government responded to the Motion and the Supplemental Motion. ECF No. 402.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the record in this case, the Motion, and the Response; and based upon that review, the Court recommends this Motion and Supplemental Motion be **DENIED**.

**1.   Procedural Background**:

On August 26, 2020, Boyd was named in one count of a fifteen-count Indictment filed in the Western District of Arkansas. ECF No. 1. On July 27, 2021, Boyd pled guilty to this count. ECF No. 183-184. Count One provided as follows:

> Beginning on or about an unknown date, but at least as early as November 15, 2019, and continuing to on or about May 29, 2020, in the Western District of Arkansas, Fayetteville Division, and elsewhere, the Defendants, **NATHAN MARTIN aka NATE MARTIN; KARLA AVELAR-MEJIA; EVAN BOYD; PATRICK FORD; HUMBERTO NOEL GONZALEZ aka BETO; CHRISTOPHER LEE JACKSON; MICHAEL MORAN; THOMAS PORRAS; KATIE PUTTY; DAKOTA SILLER; RUBEN ZAPIEN;** and others known and unknown to the

> Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury to distribute a controlled substance, namely, a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

ECF No. 1 at 1.

After Boyd's plea of guilty, a Presentence Investigation Report ("PSR") was prepared, and a final PSR was filed on April 29, 2021. ECF No. 281. Pursuant to the United States Sentencing Guidelines (USSG) Boyd was assigned a base level offense of 38 with a two-point increase for illegally imported chemicals used to manufacture methamphetamine, which yielded an adjusted offense level of 40. *Id.* ¶ 256. Boyd received a total of a three-point reduction for acceptance of responsibility. *Id.* ¶¶ 258-259. This resulted in a total offense level of 37. *Id.* ¶ 260. Boyd's criminal history was calculated to be IV. *Id.* ¶ 305. Boyd's USSG guideline term of imprisonment was found to be 292 to 365 months. The maximum statutory sentence applicable to Boyd's conviction was 240 months. *Id.*

On November 19, 2021, Boyd appeared before United States District Judge Timothy L. Brooks for sentencing. After granting a downward variance, Judge Brooks sentenced Boyd to 180 months imprisonment. ECF No. 379. The judgment was entered on November 19, 2021. *Id.* As noted above, the instant Motion was filed on January 13, 2023. ECF No.392. Boyd raises several claims in the Motion. Specifically, he claims, (1) his trial counsel failed to file a direct appeal of his conviction despite his desire to do so, and (2) his trial counsel failed to object to the use of relevant conduct in calculating his base offense level under the USSG. In its response (ECF No. 402), the Government claims Boyd's Motion is barred because it was untimely filed, and Boyd has no excuse for his delay. Accordingly, the Government claims Boyd's Motion must be dismissed. Alternatively, the Government asserts Boyd's claims have no substantive merit and should be dismissed.

2. **Applicable Law**:

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

3. **Discussion**:

The Government claims Boyd's Motion should be dismissed because it was untimely filed. Upon review, the Court agrees with the Government and finds Boyd's Motion should be dismissed because it was untimely filed.[1]

A. **One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

In the present action, the Court entered a judgment in Boyd's case on November 19, 2021. ECF No. 379. The judgment became final on December 3, 2021, when 14 days passed without an

---

[1] Because the Court finds the Motion untimely, the substantive claims are not addressed herein.

appeal being filed. *See* FED. R. APP. P. 4(b)(1)(A) (providing a defendant in a criminal case 14 days to file a notice of appeal). Thus, to timely file a § 2255 Motion, Boyd had one year from that date or until December 3, 2022. In the present action, Boyd filed his 28 U.S.C. § 2255 on January 9, 2023.[2] ECF No. 392. Thus, it was untimely filed. Accordingly, unless an exception to the statute of limitations applies, the Court lacks jurisdiction to consider the merits of his claims.

B.   **Equitable Tolling**

Boyd's claims are barred by the limitations period unless he can establish the period was tolled. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Eighth Circuit Court of Appeals has found the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions but only: (1) if there are "extraordinary circumstances" beyond a movant's control that would keep the movant from filing in a timely fashion; or (2) if the government's conduct "lulled" the movant into inaction through reliance on that conduct. *United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006). Equitable tolling only applies when the circumstances that cause the delay in filing are external to the movant and not attributable to his or her actions. *Id.* The movant has the burden of establishing that equitable tolling should apply. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2015) (holding that a petitioner asserting a right to equitable tolling bears the burden of establishing both elements of the doctrine).

Boyd does not expressly claim equitable tolling here. However, if the Court assumes a claim of equitable tolling, the only "extraordinary circumstance" possibly asserted by Boyd is the action

---

[2] The file-marked date is January 13, 2023. Boyd, however, represents he deposited his Motion in the prison mailing system on January 9, 2023. Thus, the Court will use that date. *See United States v. Harrison,* 469 F.3d 1216, 1217 (8th Cir. 2006) (recognizing "[u]nder the prison mailbox rule, a *pro se* pleading is deemed filed upon deposit in the prison mail system").

of his trial counsel in not filing a direct appeal. Boyd claims "I have been waiting for a direct appeal to be filed. I received nothing from Attorney Barr stating he [sic] would not and did not file a direct appeal." ECF No. 392, p 12. Boyd, by his own admission, knew there was no appeal filed because he also claims trial counsel told him on the day of his sentencing that she would not be filing an appeal. ECF No. 399, p. 4. Importantly, Boyd does not allege his trial counsel's refusal to file an appeal prevented him from filing the instant motion.

Further, even if the court were to assume trial counsel's failure to file a notice of appeal was an "extraordinary circumstance," Boyd must have acted diligently. *See Holland v. Florida*, 560 U.S. 631, (2010) ("The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'"). A reasonably diligent movant in Boyd's situation cannot merely rely on trial counsel to file an appeal. In *Muhammad v. United States,* 735 F.3d 812, 817 (8th Cir. 2013), the Eighth Circuit held a petitioner failed to exercise reasonable diligence, when he "did nothing to monitor the status of his case" beyond writing and calling counsel. Here, Boyd does not claim he stayed in contact with his trial counsel following his sentencing. Further, Boyd does not claim he attempted to contact the Court to determine the status of his appeal. Rather, Boyd simply waited on the appeal to be filed. *See, e.g., Anjulo–Lopez v. United States,* 541 F.3d 814, 819 (8th Cir.2008) (recognizing the fact that an appeal was not filed is a matter of public record that could have been discovered by "a duly diligent person"). This lack of reasonable diligence by Boyd belies any claim of equitable tolling.

Boyd does not provide a basis for equitable tolling, and the Court cannot find one. Equitable tolling only applies when the circumstances that cause the delay in filing are external to the movant and not attributable to his actions. *See United States v. Hernandez,* 436 F.3d 851, 858 (8th Cir. 2006). Boyd has the burden of establishing that equitable tolling applies. *See Pace,* 544 U.S. at 418 (holding that a petitioner asserting a right to equitable tolling bears the burden of establishing both

elements of the doctrine).  Based upon the Parties' briefing and the facts before the Court, there is no basis for equitable tolling.

**4.     Conclusion**:

Boyd's Motion is time-barred under the AEDPA one-year statute of limitations.  At the very latest, he was required to file his 28 U.S.C. § 2255 Motion by December 3, 2022.   Here, Boyd waited to file his 28 U.S.C. § 2255 Motion until January 9, 2023.  Boyd has supplied no basis to apply equitable tolling to excuse his delay.  Thus, this Court has no jurisdiction over this Motion.

**5.     Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 392) and the Supplemental Motion (ECF No. 399) be **DENIED** and dismissed with prejudice.[3]  The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

DATED this 14th day of June 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*