IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNIITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

V.                    CASE NO. 5:20-CR-50044

GARY BOYD                                    DEFENDANT/PETITIONER

### ORDER

Currently before the Court is the Report and Recommendation ("R&R") of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 403). On July 12, 2023, Gary Boyd filed objections to the R&R. (Doc. 406). When a defendant specifically objects to portions of a magistrate judge's R&R, the district court must conduct a *de novo* review of the contested findings to which the defendant has lodged such objections. See 28 U.S.C § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Boyd concedes the one-year statute of limitations bars his Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 but disagrees with the R&R's finding that he is not entitled to equitable tolling. He contends that he did act with diligence and asserts that frequent lockdowns limiting his access to the law library and mail were extraordinary circumstances. Boyd does not state how frequent these lockdowns were, but he does admit, "[h]e cannot say that it was impossible to file his motion during this period, but circumstances made it difficult." See *Jihad v. Hvass*, 267 F.3d 803, 805–06 (8th Cir. 2001) (holding "equitable tolling is appropriate only when extraordinary circumstances beyond

1

a petitioner's control make it impossible to file a § 2255 motion on time"). These difficulties are insufficient to satisfy the significant burden of an "extraordinary circumstance."

Even if the Court found these were extraordinary circumstances, Boyd fails to demonstrate diligence, admitting that he "wait[ed] for a direct appeal to be filed" despite "receiv[ing] nothing from [his] Attorney." (Doc. 392, p. 12). Filing a *pro se* motion after the statute of limitations expired is not enough to show diligence. *See, e.g.*, *Chachanko v. United States*, 935 F.3d 627, 630 (8th Cir. 2019) (finding the defendant demonstrated diligence by contacting the court, contacting his attorney, seeking his attorney's removal, and filing a petition the day he learns it is late). Thus, the R&R accurately states, "due to his inaction, Boyd cannot receive the benefit of equitable tolling." (Doc. 402, p. 6).

For the reasons stated, Boyd's objections to the R&R are **OVERRULED** and the R&R is **ADOPTED IN ITS ENTIRETY**. The Motion to Vacate (Doc. 392) and the Supplemental Motion (Doc. 399) are **DENIED AND DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** on this 28th day of July 2023.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE